O. H. SALTSMAN v. M. J. GRAY, Trading as the Gray Artesian Well Co.

158 So. 130.

Opinion Filed December 13, 1934.

*S. M. Preacher,* for Appellant;

*Watson & Pasco & Brown,* for Appellee.

PER CURIAM.—Appellant exhibited his bill of complaint to enforce a laborer's and materialman's lien on certain described property. The allegations of the bill of complaint are sufficient to show that the complainant acquired a lien under the provisions of Section 3498 R. G. S., 5352 C. G. L., by drilling a well on certain grounds for the purposes of improving the same under a contract and agreement with the alleged owner, the defendant.

The defendant answered the bill of complaint. Section 1 of his answer is as follows:

"The defendant admits that he engaged the complainant to construct for him a deep well of good and certain quality of workmanship and material as was definitely and well understood and agreed upon, yet the complainant failed to comply with his said agreement and the well that he undertook to put down and to construct was not so had and done, and was and is to the defendant of great damage in the sum of two thousand dollars."

Section 2 of his answer denies that he ever was indebted to the complainant or ever promised to pay any sum or any part thereof to the complainant.

The third paragraph of the answer is as follows:

"The defendant denies any liability whatsoever to said complainant as averred in the bill of complaint."

The fourth paragraph is as follows:

"The facts averred in the bill of complaint show affirmatively that the complainant has only a remedy at law, if any, and no cause for equity jurisdiction."

On the issues thus presented the case went to trial. Therefore, the only question presented was whether or not there is substantial evidence disclosed by the record to sustain the Chancellor's decree for the complainant. An examination of the record discloses that there is substantial evidence to sustain the findings and decree of the Chancellor, and, therefore, it should not be disturbed.

Decree affirmed.

So ordered.

Affirmed.

Davis, C. J., and Whitfield, Brown and Buford, J. J., concur.